**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHAWN M. DRAGO,
               Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-0845-15-0772-I-1

DATE: April 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shawn M. Drago</u>, New Port Richey, Florida, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) to dismiss her request for waiver of an overpayment as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify that statutory and regulatory provisions pertaining to the Federal Employees' Retirement System (FERS), rather than the Civil Service Retirement System (CSRS), are applicable to this appeal, we AFFIRM the initial decision.

## BACKGROUND

¶2    On September 24, 2013, OPM issued the appellant a notice, which informed her that: (1) OPM was required to reduce her FERS disability retirement annuity because she was entitled to Social Security benefits effective June 1, 2008; (2) OPM had overpaid her from June 1, 2008, through August 30, 2013; and (3) OPM would recover the overpayment in monthly installments from her annuity. Initial Appeal File (IAF), Tab 5 at 14. The notice informed the appellant that she could request reconsideration or waiver of the overpayment by completing an enclosed form, and either mailing or hand delivering the form to OPM. *Id*. at 16. The notice also explained that the appellant was required to submit any request for reconsideration or waiver by October 24, 2013, *id*. at 15, and that OPM would only extend the 30‑day time limit for filing a request if the

appellant demonstrated that she was unaware of the time limit or was prevented from responding by a cause beyond her control, *id*. at 16.

¶3    The appellant submitted a waiver request to OPM on November 23, 2013, 31 days after the October 23, 2013 time limit had elapsed.[2]  *Id*. at 7, 13.  In a letter accompanying her request, the appellant asserted that she was unaware of the 30‑day time limit.  *Id*. at 12.  She also claimed that OPM had instructed her to call to request a waiver and that she had attempted to do so every day for a month, but the line was always busy.  *Id*.  Finally, the appellant stated that OPM's decision to recover the overpayment caused her mental stress, anguish, and financial hardship.  *Id*.  On July 14, 2015, OPM issued a final decision dismissing the appellant's request as untimely, finding that the appellant had not provided sufficient argument or evidence to justify an extension of the time limit.  *Id*. at 5−6.

¶4    The appellant appealed OPM's decision to the Board and did not request a hearing.  IAF, Tab 1 at 1, 5.  The administrative judge affirmed OPM's decision dismissing the appellant's request for a waiver as untimely.  IAF, Tab 9, Initial Decision (ID) at 3.  She found that the appellant did not demonstrate that OPM failed to notify her of the time limit for filing a request for reconsideration or

---

[2]  In its reconsideration decision, OPM stated that the appellant requested reconsideration on November 21, 2013.  IAF, Tab 5 at 5.  In the initial decision, the administrative judge made a similar statement.  IAF, Tab 8, Initial Decision at 2.  However, although the appellant signed the waiver request form on November 21, 2013, the envelope containing the form was not postmarked until November 23, 2013.  IAF, Tab 5 at 8, 13.  Because the appellant requested the waiver by mail, the relevant date was the postmark date.  *See* 5 C.F.R. § 845.204(b)(1).  The statements that the appellant requested reconsideration decision 2 days earlier than she actually did does not affect the appellant's substantive rights because, regardless of whether the waiver request was submitted on November 21 or November 23, 2013, it was untimely.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

waiver, or that circumstances beyond her control prevented her from making a timely request. ID at 2‑3.

¶5        The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge's references to statutes and regulations applicable to CSRS, rather than FERS, did not affect the appellant's substantive rights.</u>

¶6        Although not raised by either party on review, on several occasions, the administrative judge cited statutory and regulatory provisions applicable to CSRS, rather than FERS. ID at 1‑3; IAF, Tab 8 at 1‑2. CSRS statutes and regulations are inapplicable to the instant appeal because the overpayment notice at issue involved a decision to collect a debt arising under FERS, as opposed to CSRS.[3] IAF, Tab 5 at 5, 14. However, under the circumstances of this appeal, we find that any such error was not prejudicial to the appellant's substantive rights, and does not form a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984); *see also Larson v. Office of Personnel Management*, 93 M.S.P.R. 433, ¶¶ 6‑7 (2003) (finding that an administrative judge's error in applying a CSRS legal standard, when the appellant was covered under FERS, did not form a basis for reversing the initial decision where the error did not affect the appellant's substantive rights).

¶7        In the initial decision, the administrative judge stated that the Board had jurisdiction over the appeal pursuant to 5 U.S.C. § 8347(d) and 5 C.F.R.

---

[3] OPM's final decision may have caused confusion in this regard because OPM cited 5 C.F.R. § 831.109(e), a regulation addressing requests for reconsideration of initial decisions involving rights or interests under CSRS. IAF, Tab 5 at 5‑6. However, when OPM submitted the agency file in the appellant's Board appeal, it clarified that it had intended to cite 5 C.F.R. § 841.306(d), which addresses requests for reconsideration of initial decisions involving rights or interests under FERS, but is otherwise substantively identical to 5 C.F.R. § 831.109(e). *Id*. at 4; *compare* 5 C.F.R. § 831.109(e), *with* 5 C.F.R. § 841.306(d).

§ 831.110, which authorize Board appeals from OPM's final decisions affecting an appellant's rights and interests under CSRS. ID at 1. However, although the Board does not have jurisdiction over the appeal pursuant to the statute and regulation cited by the administrative judge, it does have jurisdiction over the appeal pursuant to 5 U.S.C. § 8461(e)(1) and 5 C.F.R. § 841.308, which authorize Board appeals from final decisions of OPM affecting rights and interests under FERS, but are otherwise substantively identical to the cited provisions. *Compare* 5 U.S.C. § 8347(d)(1), *with* 5 U.S.C. § 8461(e)(1); *compare* 5 C.F.R. § 831.110, *with* 5 C.F.R. § 841.308. We modify the initial decision to clarify that the Board has jurisdiction over this appeal pursuant to 5 U.S.C. § 8461(e)(1) and 5 C.F.R. § 841.308.

¶8        In addition, in both the initial decision and a November 10, 2015 order, the administrative judge cited 5 C.F.R. § 831.1304(b)(1), a regulatory provision applicable to requests for reconsideration or waiver of decisions to collect a debt arising under CSRS. ID at 2‑3; IAF, Tab 5 at 5, 14. However, the regulatory standards governing the timeliness of reconsideration and waiver requests under FERS and CSRS, and the circumstances under which OPM may extend those time limits, are essentially identical. *Compare* 5 C.F.R. § 831.1304(b)(1), *with* 5 C.F.R. § 845.204(b)(1); *compare* 5 C.F.R. § 831.109(e)(1), (2), *with* 5 C.F.R. § 841.306(d)(1), (2). We modify the initial decision to clarify that 5 C.F.R. § 845.204(b)(1), rather than 5 C.F.R. § 831.1304(b)(1), is applicable to the appellant's request for a waiver.

The administrative judge properly affirmed OPM's decision dismissing the appellant's request for a waiver as untimely.

¶9        By regulation, a request for reconsideration of an OPM decision to collect a debt or waiver of an overpayment must be received by OPM or postmarked within 30 calendar days of the date of the decision. 5 C.F.R. §§ 841.306(d)(1), 845.204(b)(1). OPM's regulations provide that OPM may extend the time limit when an individual proves that: (1) she was not notified of the time limit and

was not otherwise aware of it; or (2) she was prevented by circumstances beyond her control from making the request within the time limit. 5 C.F.R. §§ 841.306(d)(1), 845.204(b)(1); *see Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 8 (2015).

¶10   On review, the appellant reiterates her argument raised below that she was unaware of the time limit for requesting a waiver. PFR File, Tab 1 at 1‑2; IAF, Tab 1 at 5, Tab 5 at 12. We agree with the administrative judge that OPM provided the appellant with sufficient information regarding the time limit and method for requesting a waiver. ID at 2‑3. The appellant does not dispute that she received the overpayment notice, which stated that any request for reconsideration or waiver must be received or postmarked within 30 days, IAF, Tab 5 at 16, and also informed her that October 24, 2013, was the specific date by which she needed to submit her request, *id.* at 15. Regarding the appellant's argument below that she believed that she could request a waiver by telephone, we agree with the administrative judge that the overpayment notice did not state that the appellant could call to request a waiver, but instead, informed the appellant that a request for reconsideration or waiver could be made by completing a form and submitting it to OPM by hand delivery or mail, consistent with OPM's regulations.[4]   ID at 2‑3; IAF, Tab 5 at 16; *see* 5 C.F.R. § 845.204(b)(1) (specifying that requests for reconsideration or waiver may be made by hand delivery or mail); *see also* 5 C.F.R. § 841.306(c) (providing that a request for reconsideration must be in writing).

¶11   On review, the appellant also reiterates her argument that she failed to submit a timely request for a waiver because she was stressed and depressed. PFR File, Tab 1 at 1; IAF, Tab 1 at 5, Tab 5 at 12. When, as here, the appellant failed to provide any medical evidence in support of her assertions, or present any

---

[4] The overpayment notice provided a telephone number that the appellant could call if she had questions, but did not state or imply that the appellant could request a waiver, as opposed to ask a question, by phone. *Id*. at 20.

specific argument as to how her alleged conditions prevented her from making a request within the regulatory time limit, the administrative judge correctly found that the appellant's assertions regarding depression and stress did not demonstrate that factors beyond her control prevented her from making a timely request for a waiver.[5] ID at 3; *see Meister v. Office of Personnel Management*, 52 M.S.P.R. 508, 515‑16 (1992) (affirming OPM's denial of an appellant's request for reconsideration as untimely where he proved that medical problems interfered with his ability to file on time but did not prevent from filing within the meaning of 5 C.F.R. § 831.109(e)(2)).

¶12    The appellant further argues on review that it was unfair that OPM only provided her 30 days to request a waiver, when it took OPM several years to realize that she had been overpaid in the first instance. PFR File, Tab 1 at 3. However, when, as here, an appellant fails to show that she was not notified of the time limit for making a request for reconsideration or a waiver, or prevented by circumstances beyond her control from making such a request, the Board will not reach the issue of whether OPM acted unreasonably or abused its discretion in refusing to extend the time limit. *See Kent*, 123 M.S.P.R. 103, ¶ 8; *see also Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006)

---

[5] For the first time on review, the appellant argues that the Board should have appointed her an attorney so that she would have had "a fair chance to fight." PFR File, Tab 1 at 3. It is well settled that the Board's authority to request pro bono representation for appellants does not extend beyond disability retirement appeals in which appellants claim that they are mentally incompetent and present medical evidence to support such claims. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 17 (2013); *see French v. Office of Personnel Management*, 37 M.S.P.R. 496, 499 (1988) (finding that the Board has authority to request pro bono representation for an appellant in a disability retirement appeal who is found to be incompetent); *see also Barnett v. Office of Personnel Management*, 88 M.S.P.R. 95, ¶¶ 10‑15 (2001) (finding that *French* procedures should be applied in an appeal involving the dismissal of a reconsideration request on timeliness grounds). Here, the appellant has not claimed that she was mentally incompetent, and she has not provided any medical evidence to support such a claim.

(addressing an untimely request for reconsideration under 5 C.F.R. § 831.109(e)(2)).

¶13     Finally, the appellant repeats her assertions that OPM's collection of the overpayment is causing her severe financial hardship.  PFR File, Tab 1 at 1‑3; *see* IAF, Tab 5 at 12.  However, when OPM denies a request for reconsideration as untimely, the Board has jurisdiction over an appeal only with regard to the untimeliness determination.  *See Mounce v. Office of Personnel Management*, 98 M.S.P.R. 120, ¶ 7 (2005).  Here, because the administrative judge properly affirmed OPM's decision dismissing the appellant's waiver request as untimely, the Board lacks jurisdiction to consider whether the appellant's financial circumstances entitle her to a waiver.  *See id.*, ¶¶ 7‑8 (finding that jurisdiction attached to the merits of an appellant's appeal of OPM's disallowance of his disability retirement application once an administrative judge determined that OPM abused its discretion in dismissing the appellant's request for reconsideration as untimely).

¶14     In sum, for the reasons discussed above, we find that the appellant has not shown error in the administrative judge's finding that OPM properly dismissed her request for a waiver of the overpayment as untimely.[6]

---

[6] However, our decision in this matter does not preclude the appellant from exercising any right that she may have to make a mid-collection request to OPM for modification of the repayment schedule, compromise, suspension, or write‑off, as provided for under any applicable law, rule, regulation, or OPM guideline.  *See*, *e.g.*, 5 C.F.R. § 845.301 (stating that, when it has been determined that the recipient of an overpayment is ineligible for waiver, the individual nevertheless is entitled to an adjustment in the recovery schedule if she shows that it would cause her financial hardship to make payment at the rate scheduled); *Hundley v. Office of Personnel Management*, 83 M.S.P.R. 632, ¶ 16 (1999) (finding that a change in an appellant's financial situation may be the basis for an application to OPM for a new determination regarding an adjustment in the repayment schedule); *Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 137 (1991) (finding that any effects of a future medical emergency could be addressed by a mid-collection request to OPM for lower payments, compromise, suspension, or write-off), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992) (Table).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.